UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PAMELA EDWARDS,

         Plaintiff,      **ANSWER**

      -against-          Civil Action No. 5:10-CV-663
                              (DNH/DEP)
SYRACUSE UNIVERSITY and MAXWELL SCHOOL OF
SYRACUSE UNIVERSITY,

         Defendants.

   Defendants Syracuse University (the "University") and the Maxwell School of Citizenship and Public Affairs (the "Maxwell School"), misnamed in the Complaint as the Maxwell School of Syracuse University, by and through their attorneys, Bond, Schoeneck & King, PLLC, answer the Complaint of the Plaintiff, Pamela Edwards, as follows:

   1.  With respect to Complaint Paragraph 1, **ADMIT** that Plaintiff is female; and **DENY** all remaining allegations contained that Paragraph.

   2.  With respect to Complaint Paragraph 2, **ADMIT** that Plaintiff's academic specialty is in modern British history; that Plaintiff's application for tenure, submitted during the 2004-05 academic year, was denied; and **DENY** all remaining allegations contained in that Paragraph.

   3.  With respect to Complaint Paragraph 3, **ADMIT** that Plaintiff was offered, and accepted, a second review of her application for tenure; and **DENY** all remaining allegations contained in that Paragraph.

4. With respect to Complaint Paragraph 4, **ADMIT** that a new committee was assembled to conduct a second review of Plaintiff's application for tenure (the "Ad Hoc Committee"); that the Ad Hoc Committee consisted of persons from both inside and outside of the University's employ; that the Ad Hoc Committee offered a non-binding recommendation that Plaintiff receive tenure; and **DENY** all remaining allegations contained in that Paragraph.

5. With respect to Complaint Paragraph 5, **ADMIT** that Plaintiff's final re-appointment at the University terminated, effective December 31, 2007; **LACK KNOWLEDGE AND INFORMATION** sufficient to form a belief regarding the allegation that Plaintiff has been "unable to find a similar academic position at another university and has been forced to find other employment" and therefore **DENY** those allegations; and **DENY** all remaining allegations contained in that Paragraph.

6. With respect to Complaint Paragraph 6, **ADMIT** that Plaintiff purports to seek the relief referenced; and **DENY** that any "damages or remedies" are appropriate.

7. With respect to Complaint Paragraph 7, **AVER** that Plaintiff's employment commenced August 19, 2002; and **ADMIT** the remaining allegations of that Paragraph.

8. **ADMIT** Complaint Paragraph 8.

9. With respect to Complaint Paragraph 9, **ADMIT** that the Maxwell School houses a number of social science programs, including the Department of History, which is also a part of the College of Arts and Sciences; and that the Maxwell School is located at 200 Eggers Hall, Syracuse, New York 13244.

10. **ADMIT** Complaint Paragraph 10.

11. **DENY** Complaint Paragraph 11.

12.     With respect to Complaint Paragraph 12, **ADMIT** that the United States Equal Employment Opportunity Commission ("EEOC") issued a "Dismissal and Notice of Rights," which was, upon information and belief, mailed by the EEOC on or about March 22, 2010; and **DENY** all remaining allegations contained in that Paragraph.

13.     **ADMIT** Complaint Paragraph 13.

14.     With respect to Complaint Paragraph 14, **LACK KNOWLEDGE OR INFORMATION** sufficient to form a belief regarding the allegations set forth in that Paragraph and therefore **DENY** those allegations.

15.     With respect to Complaint Paragraph 15, **ADMIT** that Plaintiff was offered, and accepted, a three-year tenure track appointment at the University commencing on August 19, 2002; that, at the time of her appointment, Plaintiff voluntarily elected to receive three years of credited service towards tenure in recognition of her prior academic service; that applications for tenure are reviewed under the University's standard requiring excellence in scholarship, teaching, and service to the Department, College, and University by the respective faculty member; and **DENY** all remaining allegations contained in that Paragraph.

16.     With respect to Complaint Paragraph 16, **ADMIT** that an "Annual Report and Recommendations on Non-tenured Faculty" was prepared in connection with Plaintiff's first and second appointment years at the University; that these documents are not formal reviews and **AVER** that these documents speak for themselves; and **DENY** all remaining allegations contained that Paragraph.

17.     With respect to Complaint Paragraph 17, **LACK KNOWLEDGE OR INFORMATION** sufficient to form a belief regarding the allegations set forth in that Paragraph and therefore **DENY** those allegations.

1716128.1

18. With respect to Complaint Paragraph 18, **LACK KNOWLEDGE OR INFORMATION** sufficient to form a belief regarding the allegations set forth in that Paragraph and therefore **DENY** those allegations.

19. With respect to Complaint Paragraph 19, **LACK KNOWLEDGE OR INFORMATION** sufficient to form a belief regarding the allegations set forth in that Paragraph and therefore **DENY** those allegations.

20. With respect to Complaint Paragraph 20, **ADMIT** that Professor Craige B. Champion, then Chair of the History Department, sent a letter, dated September 22, 2006, to the Associate Provost of the University, Karen L. Alston, and **AVER** that this letter speaks for itself; and **DENY** all remaining allegations contained in that Paragraph.

21. **ADMIT** Complaint Paragraph 21.

22. With respect to Complaint Paragraph 22, **ADMIT** that Plaintiff submitted her application for tenure, which was incomplete and ultimately untimely; that a departmental sub-committee (the "Subcommittee") was established for the purpose of facilitating a non-binding review of Plaintiff's application, which Subcommittee included Professors Joseph Levine, Stephen Webb, and David Bennett; and **DENY** all remaining allegations contained in that Paragraph.

23. With respect to Complaint Paragraph 23, **ADMIT** that the Department of History vote was positive in favor of tenure recommendation for Gaddis and Cohen and negative on tenure recommendation for Plaintiff; and **DENY** all remaining allegations contained in that Paragraph.

24. With respect to Complaint Paragraph 24, **AVER** that Professor Levine's report speaks for itself; and **DENY** the remaining allegations of that Paragraph.

25. With respect to Complaint Paragraph 25, **ADMIT** that, on or about September 27, 2004, the Department of History tenured faculty voted on whether to recommend that Plaintiff receive tenure; **AVER** that Plaintiff subsequently filed a complaint with the University Senate's Committee on Academic Freedom, Tenure and Professional Ethics (the "AFTPE Committee") and that the AFTPE Committee issued a written report containing its non-binding findings and recommendations and that this report speaks for itself; **DENY** that the findings and recommendations set forth in the AFTPE Report are supported by fact; and **DENY** all remaining allegations contained in that Paragraph.

26. **DENY** Complaint Paragraph 26.

27. With respect to Complaint Paragraph 27, **ADMIT** that, on or about September 27, 2004, tenured faculty members in the Department of History voted against making a non-binding recommendation that Plaintiff receive tenure; and **DENY** all remaining allegations contained in that Paragraph.

28. With respect to Complaint Paragraph 28, **ADMIT** that, on or about December 15, 2004, the full Tenure and Promotion ("T&P") Committee of the College of Arts and Sciences voted, 14 to 2, against making a non-binding recommendation that Plaintiff receive tenure; and **DENY** all remaining allegations contained in that Paragraph.

29. **ADMIT** Complaint Paragraph 29.

30. With respect to Complaint Paragraph 30, **ADMIT** that, following the policies and procedures of the University, the recommendations of the Department and the College were submitted to the Dean of the Maxwell School, Mitchel Wallerstein, and the Dean of the College of Arts and Sciences, Cathryn Newton; that the Deans recommended to Vice Chancellor Freund that Plaintiff not receive an indefinite appointment with tenure; that decision-making authority

for tenure decisions, such as Plaintiff's, rests solely with the University's Vice Chancellor and Provost in his/her academic judgment; and **DENY** all remaining allegations contained in that Paragraph.

31. **ADMIT** Complaint Paragraph 31.

32. With respect to Complaint Paragraph 32, **LACK KNOWLEDGE AND INFORMATION** sufficient to form a belief regarding the allegations set forth in that Paragraph and therefore **DENY** those allegations.

33. With respect to Complaint Paragraph 33, **ADMIT** that Vice Chancellor Freund denied Plaintiff's application for tenure; that Vice Chancellor Freund, by letter dated May 9, 2005, informed Dean Newton of this negative tenure decision; that Dean Newton, by letter dated May 16, 2005, informed Plaintiff that her application for tenure had been denied; and **DENY** all remaining allegations contained in that Paragraph.

34. With respect to Complaint Paragraph 34, **ADMIT** that, on or about September 20, 2005, Plaintiff submitted a complaint to the University Senate's AFTPE Committee and **AVER** that the complaint speaks for itself; and **DENY** all remaining allegations contained in that Paragraph.

35. With respect to Complaint Paragraph 35, **ADMIT** that the AFTPE Committee accepted Plaintiff's complaint for further action and referred the matter to a sub-committee for additional review; **LACK KNOWLEDGE OR INFORMATION** sufficient to form a belief regarding the sub-committee's actual review and therefore **DENY** those allegations; and **DENY** all remaining allegations contained in that Paragraph.

36. With respect to Complaint Paragraph 36, **ADMIT** that the AFTPE Committee issued a report, dated March 2, 2006, containing non-binding findings and recommendations (the

"AFTPE Report") and **AVER** that this document speaks for itself; **DENY** that the findings and recommendations contained in the AFTPE Report are supported by fact; and **DENY** all remaining allegations contained in that Paragraph.

37. With respect to Complaint Paragraph 37, **AVER** that the AFTPE Report speaks for itself; **DENY** that the findings and recommendations contained in the AFTPE Report are supported by fact; and **DENY** all remaining allegations contained in that Paragraph.

38. With respect to Complaint Paragraph 38, **AVER** that the AFTPE Report speaks for itself; **DENY** that the findings and recommendations contained in the AFTPE Report are supported by fact; and **DENY** all remaining allegations contained in that Paragraph.

39. With respect to Complaint Paragraph 39, **AVER** that the AFTPE Report speaks for itself; **DENY** that the findings and recommendations contained in the AFTPE Report are supported by fact; and **DENY** all remaining allegations contained in that Paragraph.

40. With respect to Complaint Paragraph 40, **AVER** that the AFTPE Report speaks for itself; **DENY** that the findings and recommendations contained in the AFTPE Report are supported by fact; and **DENY** all remaining allegations contained in that Paragraph.

41. With respect to Complaint Paragraph 41, **AVER** that the AFTPE Report speaks for itself; **DENY** that the findings and recommendations contained in the AFTPE Report are supported by fact; and **DENY** all remaining allegations contained in that Paragraph.

42. With respect to Complaint Paragraph 42, **ADMIT** that Vice Chancellor Freund wrote to Plaintiff, by memorandum dated April 3, 2006, regarding the AFTPE Report and **AVER** that this memorandum speaks for itself; and **DENY** all remaining allegations contained in that Paragraph.

43. **DENY** Complaint Paragraph 43.

44. With respect to Complaint Paragraph 44, **ADMIT** that Vice Chancellor Freund wrote to Plaintiff, by memorandum dated April 3, 2006, regarding the AFTPE Report and **AVER** that this memorandum speaks for itself; and **DENY** all remaining allegations contained in that Paragraph.

45. **DENY** Complaint Paragraph 45.

46. With respect to Complaint Paragraph 46, **ADMIT** that, by memorandum dated April 3, 2006, Vice Chancellor Freund offered, but did not require, that Plaintiff undergo a second tenure review process, which offer Plaintiff accepted; that, had Plaintiff not accepted this offer, Plaintiff's appointment with the University would have terminated, after a terminal year appointment, in May 2007; and **DENY** all remaining allegations contained in that Paragraph.

47. With respect to Complaint Paragraph 47, **ADMIT** that an Ad Hoc Committee was convened in the Fall 2006 to conduct a second review of Plaintiff's scholarship; that Eric F. Spina succeeded Deborah A. Freund as the University's Vice Chancellor and Provost during the 2006-07 academic year; that Plaintiff had submitted for consideration the names of four individuals from outside of the University's employ to potentially serve on the Ad Hoc Committee, which submission the University was under no obligation to accept; that these individuals offered by Plaintiff for consideration did not serve on the Ad Hoc Committee, but that the Ad Hoc Committee did consist of persons from outside the University; and **DENY** all remaining allegations contained in that Paragraph.

48. With respect to Complaint Paragraph 48, **ADMIT** that the Ad Hoc Committee was tasked with reviewing Plaintiff's scholarship; and **DENY** all remaining allegations contained in that Paragraph.

49. With respect to Complaint Paragraph 49, **ADMIT** that the Ad Hoc Committee recommended that Plaintiff receive tenure based on its review of Plaintiff's scholarship; and **DENY** all remaining allegations contained in that Paragraph.

50. With respect to Complaint Paragraph 50, **ADMIT** that the Ad Hoc Committee's recommendation was submitted for review by Dean Wallerstein and Dean Newton; and **DENY** all remaining allegations contained in that Paragraph.

51. With respect to Complaint Paragraph 51, **ADMIT** that Dean Wallerstein and Dean Newton recommended that Plaintiff not receive tenure; that this recommendation was submitted to Vice Chancellor Spina; that decision-making authority over Plaintiff's application for tenure rested solely with Vice Chancellor Spina in his academic judgment; and **DENY** all remaining allegations contained in that Paragraph.

52. With respect to Complaint Paragraph 52, **ADMIT** that Vice Chancellor Spina assumed his role as the University's Vice Chancellor and Provost on or about July 1, 2006; and **DENY** all remaining allegations contained in that Paragraph.

53. With respect to Complaint Paragraph 53, **ADMIT** that Professor Champion approached Vice Chancellor Spina and that any written communications between the two individuals speak for themselves; and **DENY** all remaining allegations contained in that Paragraph.

54. With respect to Complaint Paragraph 54, **ADMIT** that Vice Chancellor Spina reviewed materials relevant to Plaintiff's tenure application and notified Plaintiff by letter, dated March 7, 2007, that her application for tenure had been denied and that her appointment with the University would consequently terminate effective May 13, 2007 and **AVER** that this letter speaks for itself; and **DENY** all remaining allegations contained in that Paragraph.

55. **ADMIT** Complaint Paragraph 55.

56. With respect to Complaint Paragraph 56, **ADMIT** that the University's Chancellor and President, Nancy Cantor, received correspondence from Plaintiff regarding her denial of tenure; that Chancellor Cantor responded to this correspondence by letter, dated August 6, 2007; and **DENY** all remaining allegations contained in that Paragraph.

57. **ADMIT** Complaint Paragraph 57.

58. **DENY** Complaint Paragraph 58.

59. **DENY** Complaint Paragraph 59.

60. **DENY** Complaint Paragraph 60.

61. With respect to Complaint Paragraph 61, reassert the answers to the paragraphs incorporated by reference as set forth in Defendants' answers above to each individual paragraph.

62. **DENY** that the Maxwell School is an employer under Title VII; and **ADMIT** the remaining allegations in Complaint Paragraph 62.

63. With respect to Complaint Paragraph 63, **ADMIT** that the University is an "employer" as defined under Title VII, 42 U.S.C. § 2000e(b); and **DENY** all remaining allegations contained in that Paragraph.

64. **DENY** Complaint Paragraph 64.

65. **DENY** Complaint Paragraph 65.

66. **DENY** Complaint Paragraph 66.

67. With respect to Complaint Paragraph 67, reassert the answers to the paragraphs incorporated by reference as set forth in Defendants' answers above to each individual paragraph.

68. **DENY** that the Maxwell School is an employer for purposes of the New York State Human Rights Law; and **ADMIT** the remaining allegations in Complaint Paragraph 68.

69. With respect to Complaint Paragraph 69, **ADMIT** that the University is an employer for purposes of NEW YORK EXECUTIVE LAW § 292; and **DENY** all remaining allegations contained in that Paragraph.

70. **DENY** Complaint Paragraph 70.

71. **DENY** Complaint Paragraph 71.

72. **DENY** that any relief is appropriate; and **DENY** all allegations set forth in Plaintiff's *Prayer for Relief* section in Complaint Paragraph 72.

73. **DENY** each and every allegation of the Complaint not expressly admitted herein.

## FIRST AFFIRMATIVE DEFENSE

74. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

75. Plaintiff's claims, including but not limited to her claims under the New York Human Rights Law, are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

76. Plaintiff's denial of tenure was based on legitimate, non-discriminatory and non-retaliatory reasons, and the good-faith academic judgment exercised with respect to Plaintiff's application should be paid due deference by the Court.

## FOURTH AFFIRMATIVE DEFENSE

77. Plaintiff's claims are barred in whole or in part to the extent that she has failed to satisfy the administrative and/or jurisdictional prerequisites for the institution of an action under the claims alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

78. Plaintiff did not file a charge of discrimination with the EEOC within the applicable limitations period and, thus, her Title VII claims against Defendants are untimely and barred.

### SIXTH AFFIRMATIVE DEFENSE

79. Plaintiff's Title VII claims against Defendants are barred, in whole or in part, because these claims are beyond the scope of the charge of discrimination she filed previously with the EEOC.

### SEVENTH AFFIRMATIVE DEFENSE

80. Plaintiff's claims are barred, in whole or in part, by the Doctrine of Unclean Hands, the Doctrine of Laches, or other equitable defenses.

### EIGHTH AFFIRMATIVE DEFENSE

81. Plaintiff is not entitled, on the law or the facts, to any of the damages claimed, including, but not limited to, punitive or penalty damages.

### NINTH AFFIRMATIVE DEFENSE

82. Plaintiff's claims are barred or diminished to the extent that Plaintiff has failed to mitigate or minimize her damages, the existence of which are denied.

### TENTH AFFIRMATIVE DEFENSE

83. Defendants have established policies to comply with the federal and state anti-discrimination laws, including Title VII and the New York State Human Rights Law, and have acted in good faith, without intent to violate and without reckless disregard of those laws.

### ELEVENTH AFFIRMATIVE DEFENSE

84. Plaintiff's claims against the Maxwell School are barred on the grounds that Plaintiff failed to name the Maxwell School in the charge of discrimination she filed with the EEOC and the Maxwell School, therefore, is not a proper defendant.

### TWELFTH AFFIRMATIVE DEFENSE

85. Plaintiff's claims against the Maxwell School are barred on the grounds that the Maxwell School is not a separate legal entity from the University and, therefore, is not a proper defendant.

**WHEREFORE**, Defendants respectfully request that the Court: (1) Dismiss the Complaint with prejudice; (2) Award the Defendants their costs and attorney's fees; and (3) Provide Defendants with any other relief that the Court deems just and equitable.

DATED: June 30, 2010

    Respectfully submitted,

    BOND, SCHOENECK & KING, PLLC

    By: s/ Peter A. Jones
        Peter A. Jones, Esq.
        Bar Roll No. 506918
        Andrew D. Bobrek, Esq.
        Bar Roll No. 515284
        *Attorneys for Defendants*
One Lincoln Center
Syracuse, NY 13202-1355
Office: (315) 218-8000
Fax: (315) 218-8100

TO:    Daniel Slifkin, Esq.
Cravath, Swaine & Moore, LLP
Worldwide Plaza
825 8th Avenue
New York, NY 10019-7475
212-474-1000
Fax: 212-474-3700
Email: dslifkin@cravath.com

Clyde W. Steineker, Esq.
Cravath, Swaine & Moore, LLP
Worldwide Plaza
825 8th Avenue
New York, NY 10019-7475
212-474-1000
Fax: 212-474-3700
Email: wsteineker@cravath.com

1716128.1

## **CERTIFICATE OF SERVICE**

        I HEREBY CERTIFY that I am an attorney with Bond, Schoeneck, & King, PLLC, attorneys for the Defendants Syracuse University and the Maxwell School of Citizenship and Public Affairs in this action, and that on June 30, 2010, the foregoing Answer to Plaintiff Pamela Edwards's Complaint was electronically served in accordance with the Northern District's Rules on Electronic Service upon the following CM/ECF participants in this case:

        Daniel Slifkin, Esq.
        Cravath, Swaine & Moore, LLP
        Worldwide Plaza
        825 8th Avenue
        New York, NY 10019-7475
        212-474-1000
        Fax: 212-474-3700
        Email: dslifkin@cravath.com

        Clyde W. Steineker, Esq.
        Cravath, Swaine & Moore, LLP
        Worldwide Plaza
        825 8th Avenue
        New York, NY 10019-7475
        212-474-1000
        Fax: 212-474-3700
        Email: wsteineker@cravath.com

Dated:  June 30, 2010

        s/ Peter A. Jones
        Peter A. Jones, Esq.
        One Lincoln Center
        Syracuse, NY 13202-1355
        Office: (315) 218-8000
        Fax:  (315) 218-8100