UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAMELA EDWARDS,<br><br>                              Plaintiff,<br><br>        -against-<br><br>SYRACUSE UNIVERSITY,<br><br>                              Defendant. | 5:10-CV-663-DNH-DEP |

### AGREED PROTECTIVE ORDER FOR PRODUCTION AND USAGE OF DOCUMENTS, INFORMATION, AND TESTIMONY

In order to facilitate and expedite discovery in this action and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff in the above-captioned case ("Plaintiff"), and Defendant Syracuse University ("Defendant"), by the stipulation of their undersigned counsel, hereby agree to the following Agreed Protective Order (the "Order"):

1.  "Confidential Information" means any document, information, or testimony within the categories set forth in Paragraph 2 below and which is revealed or produced in any formal or informal discovery (whether in the form of depositions, transcripts, interrogatory answers, document productions, responses to requests to admit, or otherwise), as well as all information contained therein or derived therefrom, including materials which quote or summarize Confidential Information, whether from parties or third parties.

2.  For purposes of this Order, "Confidential Information" shall mean (a) Social Security numbers, bank or other financial account numbers, and any other materials containing, reflecting, or otherwise disclosing private personal information; (b) sensitive business or

commercial information that normally would not be revealed to third parties; (c) employment records and/or information which refer or relate in any way to University personnel other than Plaintiff including but not limited to pay records, evaluative materials, performance reviews and assessments, personally identifying information or other information about University personnel that is not publically available; (d) educational records or other student records; or (e) other information required by law or agreement to be kept confidential. "Confidential Information" does not include, and this Order shall not apply to, information which is of public knowledge or has been disclosed to the public or third persons in a manner so that such information is no longer confidential, except for information which the party already in possession of the information has an obligation under law to treat as confidential without regard to the entry of this Order. "Confidential Information" shall cease to mean, and the restrictions of this Order shall cease to apply to, information which, after disclosure, becomes public knowledge other than by act or omission of the party to whom such disclosure is made.

3. Any party or nonparty producing confidential material may designate as Confidential Information:

    a. Information contained in a document, answer to interrogatory, answer to request for admission, response to request for production of documents or other writing. Such designation shall be made by the producing party by stamping or otherwise marking, in such a manner as not to interfere with the legibility of the documents, on each page of the document the word "CONFIDENTIAL".

    b. Information contained or revealed in a deposition, whether in a question, answer or exhibit. Such designation shall be made either by making a statement to that effect on the record at any deposition or subsequently in writing to the court reporter, if the written

2

designations are made within twenty (20) days after the transcript has been made available to the party making the designation and a notice of such designation is promptly sent to opposing counsel, and provided that the testimony has not been disclosed in any court filing in the intervening period. The reporter shall then separately transcribe those portions of the testimony so designated and shall mark the face of the transcript with the word "CONFIDENTIAL". Whenever any document designated as Confidential Information is identified as an exhibit in connection with testimony given in the proceedings, it shall be marked "CONFIDENTIAL".

    4.    Any document produced in this litigation, whether or not designated as Confidential Information, shall be used solely for the purpose of prosecuting or defending this litigation and neither the document nor any information derived therefrom shall be used for any other purpose whatsoever except by the party producing it. Confidential Information shall not be disclosed by the party receiving it to any person without the prior written consent of the party producing it and all persons having a privilege with respect thereto, or an order of the Court, other than a Qualified Recipient under this Order. Disclosure to any person identified as a Qualified Recipient shall be for the limited purpose of use in this litigation only, and in no event shall such a person make any other use of such Confidential Information. Nothing in this Order shall prohibit the parties or their representatives from continuing to use their respective Confidential Information as necessary in the ordinary course of business. For purposes of this Order, "Qualified Recipient" shall mean:

        a.    Counsel for the parties who are involved in prosecuting or defending this litigation;

        b.    Counsel's employees to whom it is disclosed solely for purposes of this litigation;

      c.      The Court, its staff, the court reporters, and the jury;

      d.      Independent experts or jury consultants retained solely to assist in the prosecution or defense of this action who undertake to utilize any Confidential Information disclosed solely to assist in the prosecution or defense of this action, and their secretarial, clerical, professional or other staff;

      e.      Witnesses at depositions or at trial;

      f.      Companies or persons who are retained by counsel solely to provide photocopy, document imaging or document database services, or services related to the creation of demonstrative exhibits or in-court presentation systems; and

      g.      Any other person agreed to by the parties in writing or allowed by the Court.

5.      It is the responsibility of counsel for each party to this action to ensure that Qualified Recipients receiving Confidential Information pursuant to this Order have knowledge of the terms of this Order and agree to be bound by them.

      a.      Prior to any disclosure to Qualified Recipients identified in Paragraph 4(d) above, such persons must agree in writing to abide by the terms of this Order by executing an undertaking in the form of that contained in Exhibit A hereto, and subject to the further condition that counsel for the disclosing party shall maintain a complete file of such written undertakings.

      b.      Nothing herein shall restrict Qualified Recipients from making working copies, which working copies shall be deemed Confidential Information and shall be maintained pursuant to Paragraph 4 of this Order.

   c. Each party reserves the right to seek the designation of additional individuals as Qualified Recipients for good cause shown.

  6. No person who has agreed to be bound by this Order, as demonstrated by his or her execution of an agreement in the form of Exhibit A hereto, shall disclose Confidential Information to any party or any person other than those described in Paragraph 4, and then only for use in this litigation, and in no event shall such person make any other use of such Confidential Information.

  7. The designation of information as Confidential Information by the producing party pursuant to this Order shall not waive or affect in any way the right of the receiving party to contest the designation at a later time.

   a. Whenever a party objects to the designation of a document or testimony as Confidential Information, the party may apply to the Court for a ruling that the document or testimony shall not be so designated. Until the Court enters an order changing the designation of the document, testimony, or information, it shall be given confidential treatment in accordance with this Order.

   b. In any dispute concerning the designation of information as Confidential, the designating party shall bear the burden of establishing that the Confidential Information designation be maintained.

  8. The parties further agree that they shall not utilize any Confidential Information within the meaning of this Order in connection with any Court filing unless that Confidential Information is filed with the Court under seal.

  9. The inadvertent production of any information that the producing party later claims, promptly after discovery of such inadvertent production, should not have been produced

because of a privilege, including but not limited to the attorney-client privilege or the work product doctrine, will not be deemed to waive any privilege. In accordance with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, a producing party may request the return or destruction of any inadvertently produced privileged material, including any transcripts, copies, excerpts, abstracts, summaries or descriptions thereof. A request for the return or destruction of inadvertently produced privileged material shall identify with particularity (including production numbers where applicable) the information or material inadvertently produced and the basis for withholding it from production. If a producing party requests the return or destruction of any inadvertently produced privileged material that is in the custody of another party or non-party, such party shall, within ten (10) business days, either return to the producing party or destroy such privileged material along with all transcripts, copies, excerpts, abstracts, summaries or descriptions thereof. The party returning or destroying such privileged material may move the Court for an order compelling its production, but the fact of the inadvertent production shall not be a ground for such a motion or order. The party returning or destroying such privileged material shall not use or disclose the information from the time of the request for the return or destruction of such materials until the time that the Court orders the production of that information.

      10.    The inadvertent failure to designate any information as Confidential Information will not be deemed to waive a later claim as to its confidential nature, or to stop the producing party from designating such information as Confidential Information at a later date in writing and with particularity. Recipients of information that inadvertently was not designated as Confidential Information will cooperate with the producing party in making reasonable efforts to treat such information as Confidential Information.

11. This Order has no effect on, and shall not apply to, a producing party's use for any purpose of Confidential Information produced by the producing party, subject to the provisions of Paragraph 2.

12. Each party agrees to return promptly to counsel of the adverse party all documents containing Confidential Information, including any copies made, produced by the adverse party or a third party owing a duty of confidentiality to the adverse party regarding the Confidential Information produced, within thirty (30) days of the close of all legal proceedings in this litigation. Upon agreement by all parties, such documents may be destroyed instead. Compliance with this paragraph shall be confirmed in writing by a person qualified to certify compliance on behalf of each party receiving Confidential Information, a copy of which shall be provided to counsel of record for the disclosing party within ninety (90) days after the conclusion of this case.

13. After the close of all legal proceedings in this litigation, the restriction on communications and disclosures provided in this Order shall continue to be binding upon the parties and all other persons who have agreed to be bound by this Order. The Court retains jurisdiction to make amendments, modifications, and additions to this Order as the Court may from time to time deem appropriate.

14. This Order is without prejudice to the rights of a party to move the Court for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

15. This Order is entered into to facilitate discovery in this case. The definition of Confidential Information in Paragraph 2 of this Order is not and does not represent an agreement

between the parties that all of the documents or information within its scope are necessarily confidential or that other documents or information are not confidential.

16. Nothing in this Order is intended as an expressed or implied waiver of any objection any party may have to the production of any Confidential Information or to preclude any party from asserting that documents other than those described herein are confidential. The parties recognize that there are issues regarding Confidential Information upon which the parties may disagree that are not addressed in this Order and may be raised with the Court if not resolved in the future between and among the parties.

Dated: April 19, 2011

_____          _____
Daniel Slifkin                                                        Andrew D. Bobrek

Daniel Slifkin                                          Peter A. Jones
(N.D.N.Y. Bar No. 514859)                (N.D.N.Y. Bar No. 506918)
CRAVATH, SWAINE & MOORE LLP    Andrew D. Bobrek
825 Eighth Avenue                             (N.D.N.Y. Bar No. 515284)
New York, New York 10019              BOND, SCHOENECK & KING, PLLC
212.474.1000 (telephone)                   One Lincoln Center
212.474.3700 (facsimile)                    Syracuse, NY 13202-1355
*dslifkin@cravath.com*                      315.218.8000 (telephone)
                                                            305.218.8100 (facsimile)
                                                            *pjones@bsk.com*
                                                            *abobrek@bsk.com*

*Attorneys for Plaintiff Pamela Edwards*   *Attorneys for Defendant Syracuse University*


The foregoing Agreed Protective Order is entered as a Protective Order by the Court.

ENTERED:

_____

DATED:_____

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAMELA EDWARDS,<br><br>                            Plaintiff,<br><br>    -against-<br><br>SYRACUSE UNIVERSITY,<br><br>                          Defendant. | 5:10-CV-663-DNH-DEP |

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

    The undersigned, _____, hereby acknowledges that he or she has received a copy of the Agreed Protective Order in this action, which is attached hereto, and that he or she has read and agrees to be bound by all of the provisions thereof.

Name: _____

Date: _____