# CRAVATH, SWAINE & MOORE LLP

| | | WORLDWIDE PLAZA | | |
| --- | --- | --- | --- | --- |
| STUART W. GOLD | ROWAN D. WILSON | 825 EIGHTH AVENUE | MICHAEL A. PASKIN | TATIANA LAPUSHCHIK |
| JOHN W. WHITE | CHRISTINE A. VARNEY | NEW YORK, NY 10019-7475 | ANDREW J. PITTS | ERIC L. SCHIELE |
| EVAN R. CHESLER | PETER T. BARBUR | | MICHAEL T. REYNOLDS | ALYSSA K. CAPLES |
| MICHAEL L. SCHLER | SANDRA C. GOLDSTEIN | | ANTONY L. RYAN | JENNIFER S. CONWAY |
| RICHARD LEVIN | THOMAS G. RAFFERTY | TELEPHONE: (212) 474-1000 | GEORGE E. ZOBITZ | MINH VAN NGO |
| KRIS F. HEINZELMAN | MICHAEL S. GOLDMAN | FACSIMILE: (212) 474-3700 | GEORGE A. STEPHANAKIS | KEVIN J. ORSINI |
| B. ROBBINS KIESSLING | RICHARD HALL | | DARIN P. MCATEE | MATTHEW MORREALE |
| ROGER D. TURNER | JULIE A. NORTH | | GARY A. BORNSTEIN | J. WESLEY EARNHARDT |
| PHILIP A. GELSTON | ANDREW W. NEEDHAM | | TIMOTHY G. CAMERON | YONATAN EVEN |
| RORY O. MILLSON | STEPHEN L. BURNS | CITYPOINT | KARIN A. DEMASI | BENJAMIN GRUENSTEIN |
| RICHARD W. CLARY | KEITH R. HUMMEL | ONE ROPEMAKER STREET | LIZABETHANN R. EISEN | JOSEPH D. ZAVAGLIA |
| WILLIAM P. ROGERS, JR. | DANIEL SLIFKIN | LONDON EC2Y 9HR | DAVID S. FINKELSTEIN | |
| JAMES D. COOPER | ROBERT I. TOWNSEND, III | TELEPHONE: 44-20-7453-1000 | DAVID GREENWALD | |
| STEPHEN L. GORDON | WILLIAM J. WHELAN, III | FACSIMILE: 44-20-7860-1150 | RACHEL G. SKAISTIS | |
| DANIEL L. MOSLEY | SCOTT A. BARSHAY | | PAUL H. ZUMBRO | |
| PETER S. WILSON | PHILIP J. BOECKMAN | | JOEL F. HEROLD | SPECIAL COUNSEL |
| JAMES C. VARDELL, III | ROGER G. BROOKS | WRITER'S DIRECT DIAL NUMBER | ERIC W. HILFERS | SAMUEL C. BUTLER |
| ROBERT H. BARON | WILLIAM V. FOGG | | GEORGE F. SCHOEN | GEORGE J. GILLESPIE, III |
| KEVIN J. GREHAN | FAIZA J. SAEED | | ERIK R. TAVZEL | |
| STEPHEN S. MADSEN | RICHARD J. STARK | (212) 474-1690 | CRAIG F. ARCELLA | |
| C. ALLEN PARKER | THOMAS E. DUNN | | TEENA-ANN V. SANKOORIKAL | |
| MARC S. ROSENBERG | MARK I. GREENE | | ANDREW R. THOMPSON | |
| SUSAN WEBSTER | SARKIS JEBEJIAN | | DAMIEN R. ZOUBEK | OF COUNSEL |
| DAVID MERCADO | DAVID R. MARRIOTT | | LAUREN ANGELILLI | PAUL C. SAUNDERS |

February 17, 2012

<u>Edwards v. Syracuse University</u>
<u>Civil Action No. 5:10-CV-663 (DNH/DEP)</u>

Dear Judge Peebles:

    Plaintiff, Dr. Pamela Edwards, respectfully opposes Defendant's motion to strike certain portions of the Supplemental Expert Report of Plaintiff's expert Ms. Victoria Lazear (the "Rule 26(e) Report"), and submits this letter brief in support of its opposition pursuant to this Court's Order of February 8, 2012.

    Although the Rule 26(e) Report corrected and supplemented Ms. Lazear's original expert report as required by Federal Rule of Civil Procedure 26(e) and actually lowered Ms. Lazear's assessment of damages by over $30,000, Defendant seeks to strike portions[1] of the Rule 26(e) Report on the grounds that it improperly states new opinions and prejudices Defendant by allegedly causing Defendant further expense. (2/13/12 Defendant's Letter Brief in Support of its Rule 37 Motion to Strike ("Ltr. Br.") at 3, 5.) Defendant's motion should be denied. Ms. Lazear's Rule 26(e) Report is proper—in fact, required—under Rule 26(e) because she was obligated to supplement her disclosure when she "learn[ed] that in some material respect the disclosure or response is incomplete or incorrect". Fed. R. Civ. P. 26(e).

## PROCEDURAL HISTORY AND BACKGROUND

    Ms. Lazear timely served her expert report on July 28, 2011 ("Expert Report" or "Exp. Rep.", attached as Ex. A to Ltr. Br.). In her Expert Report, Ms. Lazear

---

[1] Though Defendant styles its motion as a challenge to the entire Rule 26(e) Report, in fact, as described below, Defendant does not seek to strike one of the four of Ms. Lazear's corrections.

concluded, in relevant part, that Dr. Edwards suffered economic damages because (i) she was paid less for the job she was able to obtain than if she had been granted tenure; and (ii) she was unable to pursue her chosen career as a scholar. (Exp. Rep. ¶ 5.) Ms. Lazear concluded that Dr. Edwards was entitled to economic damages in the amount of $1,007,000.[2] (Id. ¶ 39.) Dr. Lawrence Spizman, Defendant's retained expert, submitted a rebuttal report on October 10, 2011, and Defendant deposed Ms. Lazear on October 14, 2011.

Following her deposition, certain information became known to Ms. Lazear that required her to supplement her report under Rule 26(e), and she served her Rule 26(e) Report on January 11, 2012. The following day, Defendant's counsel contacted Plaintiff's counsel to request an extension of the dispositive motion deadline for approximately two months specifically due to Ms. Lazear's Rule 26(e) Report;[3] Plaintiff's counsel acquiesced and Defendant filed a letter motion with this Court requesting an extension (Dkt. No. 30). Defendant's motion was denied in part and granted in part when this Court issued an order setting a return date of April 13, 2012 (resulting in an approximately 1 month extension).

In her Rule 26(e) Report, Ms. Lazear made four updates or corrections to her Expert Report, three of which are challenged by Defendant. First, Ms. Lazear updated her calculation of the probability that Dr. Edwards' current employer, the Jack Miller Center (the "JMC") would lose its funding and shut down, which is relevant to Ms. Lazear's assessment of Dr. Edwards' expected income from the JMC. (Rule 26(e) Rep. ¶ 2 & App'x D, attached as Ex. C to Ltr. Br.) In the Expert Report, Ms. Lazear estimated the probability of the JMC losing its funding based on survival rates for *public charities* at approximately 16% per year.[4] (Exp. Rep. ¶ 31 & n.48.) Ms. Lazear "recognized that this percentage would provide only an estimate because the JMC is a private foundation rather than a public charity, but [she] nonetheless used the percentage because it was the best information available at the time." (Rule 26(e) Rep. ¶ 2.) When Ms. Lazear became aware of data for survival rates for *private foundations*, Ms. Lazear was able to provide a more accurate probability of JMC's survival: "between 20.1% and 9.5% depending on the year". (Rule 26(e) Rep. ¶ 3.) This correction decreases front and back pay damages by $597. (Id. ¶ 20.)

---

[2] Defendant's listing of Dr. Edwards' earnings at her current job (Ltr. Br. at 1 n.1) is wholly irrelevant to the current motion, which does not purport to challenge the actual damages estimate in the Expert Report.

[3] Defendant's counsel also informed Plaintiff's counsel that the extension would apply to the deadline for motions to preclude expert witness testimony, which Defendant planned to file.

[4] Defendant incorrectly posits that Ms. Lazear simply discounted Dr. Edwards' future income at JMC by 16% every year, (Ltr. Br. at 2), but that is plainly not the case (see Exp. Rep. Ex. 1).

Second, Ms. Lazear recognized that because "salary exerts a strong negative effect on retirement", she needed to "revise the age of retirement for Dr. Edwards if she were working at a non-tenured position from 70 to 66." (Rule 26(e) Rep. ¶ 14.) This figure is relevant to Ms. Lazear's calculation of Dr. Edwards' mitigation of damages if she were to lose her job at the JMC and work as a non-tenured professor. (Exp. Rep. ¶ 32.) This correction increases front and back pay damages by approximately $121,000 but reduces compensatory damages by approximately $170,000. (Rule 26(e) Rep. ¶¶ 15-16.)

Third, Ms. Lazear corrected the amount of Dr. Edwards' Social Security benefits, which depends in part on the probability of retirement in a given year adjusted for survival. (Rule 26(e) Rep. ¶ 18.) Ms. Lazear recognized in her Rule 26(e) Report that after age 75, this probability is zero because Dr. Edwards would have already retired by that age. (Id.) This correction increases front and back pay damages by approximately $1800. (Id.)

Fourth, Ms. Lazear corrected an "incorrect cell reference" in her compensatory damages calculation to account for the fact that "compensatory damages a[re] the difference between [Dr. Edwards'] expected income at her current JMC position and her expected income at a non-tenured teaching position". (Rule 26(e) Rep. ¶ 19.) This correction increases compensatory damages by approximately $15,000. (Id.) Defendant challenges the first three corrections, but not the fourth. (Ltr. Br. at 2-3).

In sum, the Rule 26(e) Report "decreases total damages by about $33,000 to about $975,668, or about three percent. Back and front pay damages increase about $122,000 and compensatory damages decrease by about $155,000." (Rule 26(e) Rep. ¶ 20.)

## ARGUMENT

I.    As Required by Rule 26(e), the Rule 26(e) Report Completes and Corrects the Expert Report.

Defendant seeks to strike portions of the Rule 26(e) report on the ground that it relies on information that was in existence when Ms. Lazear served the Expert Report. (See Ltr. Br. at 3 (arguing that Ms. Lazear "cites the same article" as in her Expert Report and that her "new opinion is based on the same material Ms. Lazear relied on in July 2011")). Defendant is wrong. Federal Rule of Civil Procedure 26(e) provides that a party is required to "supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect" and the corrected information has "not otherwise been made known to the other parties". Fed. R. Civ. P. 26(e). As the very authority relied upon by Defendant provides, there is no "restrict[ion on the] supplementation duty to later acquired information in contrast to information which was available to the party prior to service of the response but not then disclosed". Robbins & Myers, Inc. v. J.M. Huber Corp., 274 F.R.D. 63, 75 (W.D.N.Y. 2011). Ms. Lazear was plainly under an obligation to supplement her report when she learned that her previous disclosure was "incomplete or

incorrect" in a material respect, regardless of whether the information on which the changes were based was in existence at the time of the previous disclosure.

The recent amendments to Rule 26(e) further support the proposition that a party's duty to supplement is not limited to information that was not available at the time of the original report. The pre-2007 Rule 26(e) did contain such a purported limit, but this language—"to include information thereafter acquired"—was deleted in 2007. See Advisory Committee's Notes to 2007 Amendment (explaining that "[t]his apparent limit is not reflected in practice; parties recognize the duty to supplement or correct by providing information that was not originally provided although it was available at the time of the initial disclosure or response" (emphasis added)). Defendant's sole response is to note that the 2007 Amendments to Rule 26(e) "effect[ed] stylistic, but not substantive changes". (Ltr. Br. at 4 (quoting Robbins & Myers, Inc., 274 F.R.D. at 75).) But that much is hardly in dispute, since both the Robbins court and the Committee explicitly state that the language was deleted "to reflect the actual meaning of the present rule". Advisory Committee's Notes to 2007 Amendment; Robbins & Myers, Inc., 274 F.R.D. at 75. In fact, the Robbins court agreed that a supplemental report is proper regardless of whether the information existed at the time of initial disclosure. See Robbins & Myers, Inc., 274 F.R.D. at 75 ("[T]he duty to supplement applies to any information, whether it existed and was available at such time or was later created and became available or known to a party only after service of the response".).

All of the allegedly supporting authority cited by Defendant concerns cases in which the courts were concerned about gamesmanship—in which there was an obvious ploy to submit a "wholly inadequate report" and wait to supplement until "after the time that Defendants could have effectively responded to it". Major v. Astrazeneca, Inc., No. 5:01-CV-618, 2006 WL 2640622, at *6 (N.D.N.Y. Sept. 13, 2006) (finding inordinate delay when experts failed to supplement reports for nearly two and a half years, and filed supplements six months after the close of discovery). For example, in Lidle v. Cirrus Design Corp., a wrongful death action arising out of a plane crash, plaintiff's expert submitted an "additional" report with results of a completely new test confirming his conclusions regarding the cause of the crash, with further "new reasons for his [other] conclusions". No. 08 Civ. 1253, 2009 WL 4907201, at *4 (S.D.N.Y. Dec. 18, 2009). "The substantive portion of [the additional report] was more than five times greater than his opening report". Id. at *4. The court held that the additional report did not qualify as a supplement because it addressed new matters and constituted "a deliberate attempt to prevent an appropriate response from defendants". Id. at *7. In Innis Arden Golf Club v. Pitney Bowes, Inc., plaintiff served a "supplemental" expert report that "does not correct any inaccuracies, but rather, as plaintiff acknowledges, provides a more thorough description of plaintiff's [actions that are] very important to establishing a prima facie element of plaintiff's case". No. 3:06-CV 1352, 2009 WL 5873112, at *2-3 (D. Conn. 2009) (alterations and internal quotation marks omitted).[5]

---

[5] Similarly, in Luke v. Family Care and Urgent Medical Clinics, the court excluded plaintiffs' expert declarations because they "asserted a new theory of causation"

In an attempt to apply those inapposite cases, Defendant suggests that Ms. Lazear's Rule 26(e) Report "espouse[s] new theories about how damages should be calculated" and "correct[s] problems where the expert failed to perform a sufficient analysis the first time around". (Ltr. Br. at 4). But Defendant does not—because it cannot—point to any specific new theory or failure of sufficient analysis. Ms. Lazear's Rule 26(e) Report simply: (1) relies upon improved data to update her calculation of the probability of survival of the JMC; (2) corrects an interpretation of a paper that was relied upon in her initial report to clarify Plaintiff's age of retirement from a non-tenured position; and (3) corrects the calculation of Social Security benefits. None of these changes reflects a new theory of liability or damages, nor do they demonstrate that Ms. Lazear's initial report was insufficiently analyzed. Preclusion of a supplemental report is not appropriate where it does <u>not</u> contain "new theories of liability" or "vast amounts of new information". <u>Lent v. Signature Truck Sys., Inc.</u>, No. 06–CV–569S, 2011 WL 4575312, at *3 (W.D.N.Y. Sept. 30, 2011) (refusing to strike the supplemental reports of two experts that contained corrections to the alternative designs for an at-issue truck engine system offered in the original reports).

II.   <u>Defendant Is Not Prejudiced by the Rule 26(e) Report.</u>

Defendant argues that it will be prejudiced if the corrections and supplements in the Rule 26(e) Report are permitted to stand because it will have to take another deposition of Ms. Lazear and engage its expert to analyze the Rule 26(e) Report. Defendant's position has no basis in law or fact. Defendant will have ample opportunity to respond to the Rule 26(e) Report and, if Defendant so requires, Plaintiff can make Ms. Lazear available for a telephonic deposition at the mutual convenience of all parties. Moreover, unlike in the cases on which Defendant relies, <u>see, e.g.</u>, <u>Innis</u>, 2009 WL 5873112, at *4, Defendant does not need to conduct any further fact discovery to analyze and understand the Rule 26(e) Report.

If Defendant's alleged expenses of responding to the Rule 26(e) Report (of which there is no evidence in the record) were actually a reason to strike an expert's supplemental report, such a report would almost never be allowed, since in most situations, the opposing party may want to analyze and rebut the supplemental report. But Rule 26(e) specifically contemplates supplemental disclosures by experts, providing that "[f]or an expert whose report must be disclosed under Rule 26(a)(2)(B) . . . [a]ny additions or changes to this information must be disclosed by the time the party's pretrial disclosures . . . are due". Fed. R. Civ. P. 26(e)(2). Ms. Lazear's Rule 26(e) Report is timely under this provision.

---

and were submitted in response to defendant's summary judgment motion. 323 Fed. App'x 496, 500 (9th Cir. 2009). In <u>Beller ex rel. Beller v. U.S.</u>, the court excluded the supplemental report because it did not "set out to correct an error; rather [the expert's] opinions have simply been strengthened, broadened and expanded". 221 F.R.D. 689, 692 (D.N.M. 2003). The plaintiff in that case "d[id] not contend that [the expert's] original report contained errors that needed to be corrected". <u>Id.</u> at 694.

Furthermore, even if the Court were to find that Defendant is prejudiced by the Rule 26(e) Report, which it is not, the report should not be stricken. "[C]ourts in the Second Circuit have recognized that [preclusion of evidence] is a drastic remedy and is generally disfavored". Cornell Research Found., Inc. v. Hewlett-Packard Co., No. 5:01-CV-1974 (NAM/DEP), 2006 WL 5097357, at *5 (N.D.N.Y. Nov. 13, 2006) (internal quotation marks omitted); see also Lore v. City of Syracuse, No. 5:00-CV-1833, 2005 WL 3095506, at *3-4 (N.D.N.Y. Nov. 17, 2005) (noting that preclusion is a "drastic remedy" and denying defendant's motion to preclude supplemental expert disclosure); Hinton v. Patnaude, 162 F.R.D. 435, 439 (N.D.N.Y. 1995) (observing that the "drastic remedy" of preclusion "should only be applied in those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure" and denying motion to strike untimely expert reports). There is no suggestion that Ms. Lazear's Rule 26(e) Report was submitted in bad faith.

Defendant ignores the fact that the Rule 26(e) Report lowers the damages estimate because it assumes victory on its yet-to-be-filed motion to exclude Ms. Lazear's calculation of compensatory damages, which—if it occurs—will remove the basis for the offset against Dr. Edwards' front and back pay damages. (Ltr. Br. at 5.) Defendant will not prevail on its spurious theory that compensatory damages may not be assessed for a plaintiff's lack of ability to pursue her chosen career, given the "make whole" purpose of Title VII, Albemarle Paper Co. v. Moody, 422 U.S. 405, 419 (1975), and, in any event, Defendant's future hypothetical victory on a motion to exclude that is not presently before the court cannot be the basis for Defendant prevailing on the instant motion.

In sum, Ms. Lazear's Rule 26(e) Report was <u>required</u> by Rule 26(e) when Ms. Lazear discovered that her initial report was "incorrect or incomplete" in certain material respects. The Rule 26(e) Report does not offer any new theories of liability or vast amounts of new information, and Defendant will have ample opportunity to respond to the Rule 26(e) Report. The effect of the corrections is to <u>lower</u> the total damages by $33,000 and, as such, Defendant's complaints that it will be prejudiced by the admission of the Rule 26(e) Report are groundless.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's motion to strike certain portions of the Rule 26(e) Report.

Respectfully submitted,

Yelena Konanova

Hon. David E. Peebles, United States Magistrate Judge
   Federal Building and U.S. Courthouse
     P.O. Box 7345
       Syracuse, NY 13261

Copy to all counsel

VIA CM/ECF