**BOND SCHOENECK & KING**

One Lincoln Center | Syracuse, NY 13202-1355 | bsk.com

ANDREW D. BOBREK, ESQ.
abobrek@bsk.com
P: 315.218.8262
F: 315.218.8823

January 21, 2014

Hon. David N. Hurd
U.S. District Judge
United States District Court
Northern District of New York
Alexander Pirnie Federal Building and U.S. Courthouse
10 Broad Street
Utica, NY  13501

Re:  *Pamela Edwards v. Syracuse University*
     *Civil Action No. 5:10-CV-663 (DNH/DEP)*
     *Letter Request in Response to Order to Show Cause*

Dear Judge Hurd:

Defendant Syracuse University, through its counsel, Bond, Schoeneck & King, PLLC, hereby responds to your Order to Show Cause (Docket Entry No. 69) and accompanying CM/ECF text notice requiring a response by January 21, 2014.

As explained more fully below, Defendant has no objection to Docket Entry Nos. 36, 48, 59 and 61 being filed on the CM/ECF System. However, Defendant respectfully requests that the other documents previously filed under seal in this matter remain sealed upon preparation of the case for storage. Specifically, we respectfully request the following documents remain under seal: Docket Entry Nos. 42, 43 (subject to the below exceptions), 46, 47, 49, 50, 55, 57, 58 and 60.

**Defendant's Docket Entry No. 36 (Defendant's Sealed Application and Order to File Motion Under Seal)**

Defendant has no objection to Docket Entry No. 36 being filed on the CM/ECF System.

**Defendant's Docket Entry No. 42 (Sealed Exhibits D, E, F, & G to Butler Affidavit in Support of Defendant's Motion in Limine)**

Docket Entry No. 42 constitutes four documents: Exhibits D, E, F & G, all attached to the Affidavit of Brian J. Butler in support of Defendant's motion *in limine*. These documents were filed under seal pursuant to the Court's Order.

Defendant respectfully requests that Exhibits D and E to the Butler Affidavit remain under seal because they contain information relating to Plaintiff's salary and earnings,

Hon. David N. Hurd
January 21, 2014
Page 2

contain personally identifying information of Plaintiff, and have been designated by Plaintiff as "Confidential" pursuant to the parties' Approved Protective Order entered by the Court on April 19, 2011 (Docket Entry No. 22). Alternatively, Defendant has no objection to Plaintiff's request that these documents be returned to Plaintiff (Docket Entry No. 70, Page 2).

Defendant also respectfully requests that Exhibits F and G to the Butler Affidavit remain under seal because they contain information relating to the salary and work history of other, non-party, employees of Syracuse University and have been designated by Syracuse University as "Confidential" pursuant to the Approved Protective Order. Alternatively, if sufficient cause is not found to take this action in whole or in part, we respectfully request that these documents be returned to Defendant so that Defendant may redact these documents and return redacted copies to the Court for public filing on the CM/ECF System.

### *Defendant's Docket Entry No. 43 (Defendant's Sealed Rule 56 Motion Support Papers)*

Docket Entry No. 43 is comprised of seven documents constituting Defendant's Rule 56 motion papers, specifically a: (i) Notice of Motion; (ii) Statement of Material Facts; (iii) Memorandum of Law; (iv) Compendium of Unpublished Cases; (v) Declaration of Peter A. Jones; (vi) Declaration of Karen L. Alston; and (vii) Declaration of Norman A. Kutcher. These documents were filed under seal pursuant to the Court's Order of February 21, 2012 (Docket Entry No. 36).

With respect to Docket Entry No. 43, Defendant has no objection to the filing of the attached Notice of Motion and Compendium of Unpublished Cases on the CM/ECF System. Defendant respectfully requests that the remaining documents in Docket Entry No. 43 remain under seal because these documents either contain personally identifying information of Plaintiff or other non-party individuals (including work history information), reference information contained in documents or other sources designated "Confidential" pursuant to the Approved Protective Order, or include documents or other sources which have, themselves, been designated "Confidential" pursuant to the Approved Protective Order.

Alternatively, if sufficient cause is not found to take this action in whole or in part, we respectfully request that these documents be returned to Defendant so that Defendant may redact these documents and return redacted copies to the Court for public filing on the CM/ECF System.

Hon. David N. Hurd
January 21, 2014
Page 3

### *Plaintiff's Docket Entry Nos. 46-50 (Plaintiff's Sealed Rule 56 Motion Opposition Papers)*

Docket Entry Nos. 46-50 are comprised of five documents constituting Plaintiff's opposition papers responding to Defendant's Rule 56 motion; specifically a:
(i) Memorandum of Law (Docket No. 46); (ii) Response to Defendant's Statement of Material Facts (Docket No. 47); (iii) Compendium of Unpublished Cases (Docket No. 48); (iv) Declaration of Yelena Konanova (Docket No. 49); and (v) Declaration of Pamela Edwards (Docket No. 50). These documents were filed under seal pursuant to the Court's Order of March 23, 2012 (Docket Entry No. 45).

With respect to Docket Entry Nos. 46, 47, 49 and 50, Defendant respectfully requests that these documents remain under seal because they either contain personally identifying information of Plaintiff or other non-party individuals (including salary and work history information), reference information contained in documents or other sources designated "Confidential" pursuant to the Approved Protective Order, or include documents or other sources which have, themselves, been designated "Confidential" pursuant to the Approved Protective Order. Alternatively, if sufficient cause is not found to take this action in whole or in part, we respectfully request that these documents be returned to Defendant so that Defendant may redact these documents and return redacted copies to the Court for public filing on the CM/ECF System.

With respect to Docket Entry No. 48, Defendant has no objection to the filing of the attached Compendium of Unpublished Cases on the CM/ECF System.

### *Plaintiff's Docket Entry No. 55 (Sealed Exhibit 7 to Konanova Declaration in Opposition to Defendant's Motion in Limine)*

Docket Entry No. 55 constitutes documents attached as Exhibit 7 to the Declaration of Yelena Konanova in opposition to Defendant's motion *in limine*. These documents were filed under seal pursuant to the Court's Order.

With respect to Docket Entry No. 55, Defendant respectfully requests that these documents remain under seal because they have been designated "Confidential" pursuant to the Approved Protective Order. Alternatively, if sufficient cause is not found to take this action in whole or in part, we respectfully request that these documents be returned to Defendant so that Defendant may redact these documents and return copies to the Court for public filing on the CM/ECF System.

Hon. David N. Hurd
January 21, 2014
Page 4

### Defendant's Docket Entry Nos. 57-61 (Defendant's Sealed Rule 56 Motion Reply Papers)

Docket Entry Nos. 57-61 are comprised of five documents constituting Defendant's reply papers further supporting its Rule 56 motion; specifically a: (i) Reply Memorandum of Law (Docket No. 57); (ii) Reply Declaration of Peter A. Jones (Docket No. 58); (iii) Reply Declaration of Karen L. Alston (Docket No. 59); (iv) Reply Declaration of Eric Spina (Docket No. 60); and (v) Compendium of Unpublished Cases (Docket No. 61). These documents were filed under seal pursuant to the Court's Order of February 21, 2012 (Docket Entry No. 36).

With respect to Docket Entry Nos. 57, 58 and 60, Defendant respectfully requests that these documents remain under seal because they either contain personally identifying information of Plaintiff or other non-party individuals (including work history information), reference information contained in documents or other sources designated "Confidential" pursuant to the Approved Protective Order, or include documents or other sources which have, themselves, been designated "Confidential" pursuant to the Approved Protective Order. Alternatively, if sufficient cause is not found to take this action in whole or in part, we respectfully request that these documents be returned to Defendant so that Defendant may redact these documents and return redacted copies to the Court for public filing on the CM/ECF System.

With respect to Docket Entry Nos. 59 and 61, Defendant has no objection to the filing of these documents on the CM/ECF System.

For the reasons stated above, we respectfully request that the Court maintain the above documents under seal. Alternatively, if sufficient cause is not found to take this action in whole or in part, we respectfully request that these documents be returned to Defendant so that Defendant may redact these documents and return redacted copies to the Court for public filing on the CM/ECF System.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

Andrew D. Bobrek

ADB/jlm

2260875.4 1/21/2014

Hon. David N. Hurd
January 21, 2014
Page 5


cc: Daniel Slifkin
    Cravath, Swaine & Moore, LLP
    Worldwide Plaza
    825 Eighth Avenue
    New York, NY 10019-7475